**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| LAMONT CAMBELL, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CV-01547-SRW |
| | ) | |
| JIMMY HYATT, et al., | ) | |
| | ) | |
| *Defendants* | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR STATUS CONFERENCE ON DISCOVERY**

Comes now the plaintiff, by counsel, and in reply to the defendants' response (Doc. 99), to the plaintiff's motion for status conference (Doc. 96), states:

1.      The plaintiff moved for a status conference to discuss how to address defendant Hyatt's inability to give a deposition (Doc. 96).

2.      The defendants' response (Doc. 99) seeks a stay of deadlines on account of a dispute between the City of St. Louis and the State Legal Expense Fund over defense of this lawsuit and the obligation to indemnify defendants (Doc. 99).  Defendants' response asserts, and the memorandum of understanding between St. Louis and the Missouri Attorney General's Office confirms, that this dispute has been resolved between St. Louis and the SLEF.  Thus, that dispute provides no basis for delaying the instant lawsuit from proceeding to conclusion.

3.      This issue now is untimely.  It was first brought to the attention of plaintiff's counsel by defense counsel in October, 2025.  The response of plaintiff's

counsel, dated November 7, 2025, is attached as Exhibit 1 to this Reply.  Plaintiff's counsel explained then, and reasserts now, that any dispute between St. Louis and the SLEF is to be resolved between them and is not grounds to delay this lawsuit.

4.      The potential for conflict between St. Louis and the SLEF over defense and indemnity became a potential when the General Assembly enacted legislation during the 2025 regular session, HB 495, impacting SLEF responsibility for claims against the St. Louis Metropolitan Police.  It was for that reason plaintiff propounded discovery in April of 2025 to this issue.  In response defendants confirmed that St. Louis would defend and would indemnify the defendant Hyatt.

5.      Substantively, there are not now nor were there ever grounds for staying this case on account of any dispute between the City of St. Louis and the SLEF.  Whether or not the enactment of HB 495 created a new obligation by the SLEF to defend and indemnify in connection with Mr. Cambell's lawsuit in this Court changes nothing.  St. Louis was at the time of enactment and is still now defending all defendants, at least to the plaintiff's knowledge.  Secondly, disputes among potential indemnitors (usually insurance companies) are resolved without impacting ongoing litigation against a party owed defense or indemnity obligations.  *See Missouri Pub. Entity Risk Mgmt. Fund v. Am. Cas. Co. of Reading*, 399 S.W.3d 68 (Mo. App. W.D. 2013).

6.      Plaintiff agrees that this issue was discussed among counsel for the parties on March 23, 2026.

/s/ Kathleen T. Zellner
Kathleen T. Zellner, ARDC #6184574
Attorney for Plaintiff
Kathleen T. Zellner & Associates, P.C.
4580 Weaver Parkway, Suite 204
Warrenville, Illinois 60555
Phone: (630) 955-1212
Email: attorneys@zellnerlawoffices.com


NEWMAN, COMLEY & RUTH P.C.


 /s/ Michael G. Berry
Michael G. Berry, #33790
601 Monroe Street, Ste. 301
P.O. Box 537
Jefferson City, MO 65101
573-634-2266
573-636-3306 (fax)
michaelberry@ncrpc.com

ATTORNEYS FOR PLAINTIFF


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served electronically upon all counsel of record on this 7th day of April 2026.


 /s/  Michael G. Berry
Michael G. Berry

3