**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LAMONT CAMBELL, | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | )     Case No: 4:23-CV-01547-SRW |
| | ) |
| JIMMY HYATT, et al., | ) |
| | ) |
| *Defendants* | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL
DEFENDANT JIMMY HYATT'S DEPOSITION**

Plaintiff, by and through undersigned counsel, moves to compel Defendant Jimmy Hyatt's deposition pursuant to Federal Rule of Civil Procedure 37 and opposes any request for a protective order excusing Defendant Hyatt from appearing based on alleged PTSD-related memory impairment.

## I.    Introduction

Plaintiff filed this action on December 4, 2023, asserting claims under 42 U.S.C. § 1983 and related causes of action arising out of Plaintiff's wrongful conviction for which he spent over eleven (11) years in prison. (ECF No. 1). Plaintiff's conviction was vacated primarily because of the actions of Defendant Hyatt in having an undisclosed romantic relationship with the key eyewitness against Plaintiff. Defendant Hyatt is the sole individual defendant in Plaintiff's lawsuit.

With only 117 days remaining before the discovery cut off and 835 days after this lawsuit was filed, Defendant Hyatt launched an unguided missile into the litigation, asserting for the first time that he suffers from decades-long PTSD so severe and memory impairing that it renders him

unable to testify. This extraordinary revelation came only after his deposition was scheduled and thousands of pages of discovery have been disclosed by Plaintiff. None of the proper procedural steps, such as the filing of a motion for protective order, have been taken with this Court, so that a proper evaluation of this astounding revelation can be evaluated. In light of these unexpected turn of events, Plaintiff brings forth this motion.

### *Discovery Proceeding Without Any Indication of Defendant Hyatt's Impairment*

Defendant has actively participated in written discovery without any indication of impairment. After filing his Answer and Affirmative Defenses to Plaintiff's Complaint on April 11, 2024 (ECF No. 29), Defendant Hyatt responded to Plaintiff's First Interrogatories on May 8, 2025. Defendant Hyatt Responded to Plaintiff's First Set of Requests for Admissions on March 18, 2026.

### *First Notice of Alleged Impairment After Deposition Noticed*

On February 2, 2026, Plaintiff served a Notice of Deposition for Defendant Hyatt, scheduling his deposition to take place on March 17, 2026 in LaGrange, GA, where he resides.

Over a month later, on March 18, 2026, Defendant Hyatt, through counsel, for the first time mentioned briefly–almost as an afterthought, without any supporting detail, in the final paragraph of an email–that he suffers from PTSD. In the same communication, counsel sought Plaintiff's stipulation to a protective order precluding his deposition. *See* Defendant's Counsel's Email to Plaintiff's Counsel attached herein as **Exhibit A**.

Following that disclosure, counsel for the parties conferred by telephone. During that conversation, for the first time Defendant Hyatt's position that he could not be deposed due to the alleged PTSD-related memory impairment was revealed. When Plaintiff's counsel requested a background and explanation for the PTSD claim, Defendant's counsel was only able to provide vague detail about military training and that he saw some "pretty gruesome things" as a homicide

2

detective. Defendant's counsel also made a vague reference to Defendant Hyatt being 70% disabled and part of that allegedly being due to PTSD with memory issues. When Plaintiff's counsel requested all the information from the VA, Defendant's counsel responded that he did not have all the information and that he would not produce the information without a court order. Additionally, Defendant's counsel stated he would not open up the door to all of his client's medical records. When confronted with whether the PTSD had existed for a number of years, Defendant's counsel stated that he did not know for certain.

While counsel had represented that he possessed a letter from the VA documenting a PTSD diagnosis, to date, no such letter, nor any sort of supporting documentation, has been produced. The timing, manner, and lack of substantiation undermines Defendant's claim. It also substantially prejudices Plaintiff. This surprise disclosure 117 days prior to the July 13, 2026 discovery cut off date compromises the entire case for Plaintiff.

For all the reasons above and herein, Defendant Hyatt's attempt to avoid deposition based on the untested assertion of PTSD-related memory impairment should be rejected.

## II.    Legal Standard

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery broadly, permitting discovery of any nonprivileged matter relevant to a party's claim or defense and proportional to the needs of the case. Specifically, that rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(l). "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely

3

benefit." *Roberts v. Shawnee Mission Ford, Inc.,* 352 F.3d 358, 361 (8th Cir. 2003) (citing Fed. R. Civ. P. 26(b)(l)).

Under Federal Rule of Civil Procedure 26(c), a party may move for a protective order pertaining to discovery requests in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(l). "Because of liberal discovery and the potential for abuse, the federal rules 'confer[] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2,* 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 30, 36 (1984)). "The party moving for the protective order has the burden to demonstrate good cause for issuance of the order." *Buehrle v. City of O'Fallon, MO,* No. 4:10CV00509 AGF, 2011 WL 529922, at *2 (E.D. Mo. Feb. 8, 2011) (citation omitted). In order to show good cause, "the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." *Id.* (citation omitted). Conclusory statements are insufficient to establish good cause under Rule 26(c). *Miscellaneous Docket Matter No. 1,* 197 F.3d at 926.

Further, under Federal Rule of Civil Procedure 30, a party may depose any other party. A party seeking to avoid deposition bears the burden of obtaining a protective order and must show good cause supported by specific facts, not conclusory assertions. Under Rule 30, a party cannot unilaterally avoid his deposition obligation based on a generalized and unsupported claim of psychological condition. Nor may a party shield himself from discovery while selectively invoking a mental condition as a litigation tactic. Failure to appear for a properly noticed deposition subjects a party to sanctions under Federal Rule of Civil Procedure 37.

## III.    Argument

### A.    Defendant Has Not Shown Good Cause to Avoid Deposition

Defendant Hyatt cannot meet his burden to show good cause. To establish good cause, Defendant must provide competent medical evidence, specific functional limitations, and a clear showing that deposition is impossible or would cause harm. *See Miscellaneous Docket Matter No. 1,* 197 F.3d at 926; *see also Frideres v. Schiltz,* 150 F.R.D. 153, 156 (S.D. Iowa 1993) ("The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one."). Here, there is no affidavit from a treating provider nor medical records establishing that Defendant Hyatt cannot understand questions, respond truthfully, and participate with reasonable accommodations.

A generalized reference to PTSD is completely deficient to establish good cause for avoiding deposition. *See id.* at 154. Courts consistently reject attempts to avoid deposition based on vague claims of stress, anxiety, or memory issues. In fact, protective orders prohibiting depositions are rarely, if ever, granted. *Medlin v. Andrew,* 113 F.R.D. 650, 653 (M.D.N.C. 1987); *Motsinger v. Flynt,* 119 F.R.D. 373, 378 (M.D.N.C. 1988) ("Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition."); *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."); *In Re McCorhill Publishing, Inc.,* 91 Bankr. 223, 225 (Bankr. S.D.N.Y. 1988) ("A prohibition against the taking of an oral deposition is a very unusual procedure and a party who seeks a protective order prohibiting such a deposition bears a heavy burden of demonstrating good cause for such an order."); *see also* 8 Wright & Miller, *Federal Practice and Procedure* § 2037 (1986 Supp.).

Additionally, courts apply a balancing test under Rule 26(c) and consider the relevance and necessity of the deposition against the alleged harm. Because Defendant Hyatt's claim is

unsubstantiated and he is vital to Plaintiff's case, he will not be able to establish any of the required criteria to avoid discovery obligations and testimony.

### B.   PTSD Does Not Provide Blanket Immunity from Deposition

Furthermore, Defendant Hyatt's position that he cannot be deposed at all due to his alleged PTSD finds no support in the Federal Rules or applicable case law. Even assuming Defendant suffers from PTSD, that does not excuse compliance with discovery obligations, and mental illness, standing alone, is insufficient to defeat competency.

The presumption embodied in Federal Rule of Evidence 601 is that all witnesses are presumed competent to testify. Relevant 8th Circuit cases consistently state the principle that mental illness alone does not render a witness incompetent.

In *Mitchell v. Kemna*, 109 F.3d 494 (8th Cir. 1997), the court explained that individuals suffering from mental illness are presumed competent to testify unless it is shown that they lack the ability to understand the nature and does not demonstrate a mental capacity sufficient to observe, recollect, and narrate events.

Similarly, in *Doe v. University of Nebraska*, 451 F. Supp. 3d 1062 (D. Neb. 2020), the court recognized that mental health conditions do not inherently undermine a witness's reliability or competence. *See also State v. Beine*, 730 S.W.2d 304, 307 (Mo. Ct. App. 1987); *State v. Darty*, 619 S.W.2d 750, 751 (Mo. Ct. App. 1981) ("Treatment at a mental hospital in the past and monthly outpatient treatment does not establish an unsound mind.").

Thus, even assuming Defendant has PTSD, this alone cannot preclude him from being deposed.

### C.   Defendant's Position Is Procedurally Improper and Prejudicial to Plaintiff

Defendant Hyatt's refusal to submit to deposition is not only procedurally improper, but also highly prejudicial to Plaintiff. Defendant has yet to show good cause for attempting to limit

discovery. *See O'Sullivan v. Minnesota*, 176 F.R.D. 325 (D. Minn. 1997); *see also Stephen L. Lafrance Holdings, Inc. v. Sorensen*, 278 F.R.D. 429, 438 (E.D. Ark. 2011).

Further, Defendant Hyatt is the central witness who possesses critical firsthand knowledge of the events underlying Plaintiff's claims. Preventing Plaintiff from examining Defendant Hyatt under oath deprives Plaintiff of the ability to test Defendant's account, assess credibility, and develop the factual record, which is fundamentally inconsistent with the adversarial process. The timing and manner of Defendant's claim make it even more prejudicial to Plaintiff. The case has been pending for several years and Defendant has not filed a motion for protective order to this date. Because of the timing of Defendant's disclosure, Plaintiff is denied an opportunity to even test the claim.

In the absence of a protective motion filed by Defendant Hyatt and a court order entered, as well as a mental examination of Defendant Hyatt, Plaintiff requests this Court to compel the deposition of Defendant Hyatt.

## IV.    Request for Relief

For these reasons, Plaintiff respectfully requests that the Court compel Defendant Hyatt to appear for deposition at a date certain, subject to any reasonable accommodations the Court deems appropriate.

Respectfully submitted,

*/s/ Kathleen T. Zellner*
Kathleen T. Zellner (#6184574)
Joanna P. Kluzowska (#6336186)
Kathleen T. Zellner & Associates, P.C.
2001 Butterfield Rd., Suite 2500
Downers Grove, IL 60515
Phone: (630) 955-1212
Email: attorneys@zellnerlawoffices.com
Email: joanna@zellnerlawoffices.com
(admitted *pro hac vice*)

Michael G. Berry (#33790)
Newman, Comley & Ruth, P.C.
601 Monroe Street, Ste. 301
P.O. Box 537
Jefferson City, MO 65101
573-634-2266
573-636-3306 (fax)
Email: michaelberry@ncrpc.com

Dated: April 7, 2026                    *Attorneys for Plaintiff Lamont Cambell*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served electronically upon all counsel of record on this 7th day of April, 2026.

s/ *Kathleen T. Zellner*
Kathleen T. Zellner